IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
OCT 11 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| ROGER PERRIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL NO. 3:12cv741–HEH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Overruling Objections to and Adopting Report and Recommendation)

THIS MATTER is before the Court on the Report and Recommendation ("R & R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable David J. Novak, United States Magistrate Judge ("Magistrate Judge"), on September 4, 2013. The Magistrate Judge's R & R addresses the parties' cross-motions for summary judgment. Roger Perrin ("Plaintiff") has filed objections to the R & R. ("Plaintiff's Objs." (ECF No. 15).) The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.

For the reasons set forth herein, Plaintiff's objections will be overruled and the Court will adopt the Magistrate Judge's R & R. Accordingly, Plaintiff's Motion for Summary Judgment will be denied, Defendant's Motion for Summary Judgment will be granted, and the final decision of the Commissioner will be affirmed.

# I. BACKGROUND[1]

Plaintiff first applied for supplemental security income ("SSI") in 2001, claiming a childhood disability due to attention deficit hyperactivity disorder ("ADHD") and Borderline IQ. (R. at 74.) The Commissioner ruled that Plaintiff was disabled under the childhood disability standard and that ruling was re-certified in 2005 and 2007. (R. at 74–102.)

Upon his eighteenth birthday, Plaintiff's claim for SSI was automatically reevaluated using the adult standard of review for a new applicant. (R. at 26–27, 203.) The Social Security Administration ("SSA") denied Plaintiff's claim initially and on reconsideration. (R. at 103–05; 126–136.)

On May 29, 2009, Plaintiff testified before an Administrative Law Judge ("ALJ"). (R. at 40–73.) The ALJ denied Plaintiff's claim, finding that Plaintiff was not disabled under the Act, because based on his age, education, work experience and residual functional capacity ("RFC")[2], Plaintiff was able to perform a number of different jobs in the national economy. (R. at 33.) The Appeals Council subsequently denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner, subject only to judicial review. (R. at 1.)

---

[1] The following facts are drawn from the administrative record, which has been filed under seal pursuant to E.D. Va. Local R. 5 and 7(C). In accordance with these Rules, this Court will endeavor to exclude any personal identifiers from its discussion, and will incorporate Plaintiff's medical information only to the extent necessary for proper analysis. The Court will reference the record using the following citation formation: (R. at [page number].).

[2] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Regulation ("SSR") 96-8p.

2

On October 19, 2012, Plaintiff filed a Complaint in this Court, challenging the Commissioner's decision under 42 U.S.C. § 405(g).[3] Both parties filed motions for summary judgment, which were referred to the Magistrate Judge for an R & R.

Upon review, the Magistrate Judge considered four issues: (1) whether substantial evidence supported the ALJ's determination to afford less than controlling weight to Plaintiff's treating physician; (2) whether the ALJ erred by failing to consider Plaintiff's school records; (3) whether substantial evidence supported the ALJ's determination regarding Plaintiff's credibility; and (4) whether the ALJ erred by failing to consult another consulting examiner. (R & R at 8.) After a detailed analysis, the Magistrate Judge concluded that the ALJ applied the correct legal standard to arrive at a decision on all four issues that was supported by substantial evidence.

Plaintiff has objected to the R & R on three grounds. First, Plaintiff contends that the ALJ erred in the weight given to the opinions of Dr. May and Dr. Sampson. (Plaintiff's Objs. at 1–8.) Second, he argues that the Magistrate Judge applied an erroneous standard of deference to an ALJ's credibility determination, and the ALJ wrongfully assessed Plaintiff's credibility. (*Id.* at 8–11.) Finally, Plaintiff contends that

---

[3] 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

At the time she filed suit, Plaintiff was a resident of Fredericksburg, Virginia. Venue is therefore proper in this Court. E.D. Va. Local R. 3(B)(4).

3

the ALJ failed to develop a longitudinal view of the Plaintiff's condition and functioning. (*Id.* 12–13.)

## II. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's R & R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

"Determination of eligibility for social security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *see also Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005). At the first step, the claimant must demonstrate that he is not engaged in substantial gainful activity ("SGA")[4] at the time of application. 20 C.F.R. § 404.1520(b). Second, the claimant must prove that he has "a severe impairment . . . or combination of impairments which significantly limit[] [his] physical or mental ability to do basic work activities . . . ." *Id.* § 404.1520(c). At the third step, if the impairment matches or equals one of the impairments listed in the Act, and the impairment lasts—or is expected to last—for at least twelve months, then it constitutes a qualifying impairment and the analysis ends. *Id.* § 404.1520(d); *see* 20 C.F.R. pt. 404 subpart P app. 1 (listing impairments). If, however, the impairment does

---

[4] SGA is work that is both substantial and gainful as defined in 20 C.F.R. § 404.1572. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

4

not meet one of those listed, then the ALJ must compare the claimant's RFC with the "physical and mental demands of [the claimant's] past relevant work."[5] *Id.* § 404.1520(f). If such work can be performed, then benefits will be denied. Finally, if the claimant cannot perform past work, then the burden shifts to the Commissioner to show that the claimant is capable of performing other work that is available in significant numbers in the national economy. *Id.* § 404.1520(g)(1).

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), this Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (clarifying that the question is not whether the claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson*, 434 at 653. In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). The Court may not, however, weigh conflicting evidence, evaluate the

---

[5] Past relevant work is defined as any substantial gainful activity ("SGA") in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a) and 404.1565(a).

credibility of evidence, or substitute its own judgment. *Mastro*, 270 F.3d at 176. Thus, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653 (citation omitted). At the same time, the Court "must not abdicate . . . [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974) (citations omitted). If the Commissioner's decision is not supported by substantial evidence in the record, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## III. ANALYSIS

### A. The ALJ properly considered the opinion of Dr. May and Dr. Sampson.

In determining whether an individual is disabled for purposes of SSI, the ALJ must consider the medical opinions in the case record along with the rest of the relevant evidence presented. 20 C.F.R. § 416.927(b). In determining how much weight to attribute to medical-opinion evidence, an ALJ should assess the following non-exclusive factors:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

*Johnson*, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527).

6

Consistent with the foregoing factors, medical opinions from treating physicians[6] are given controlling weight, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the individual's] medical impairment(s) . . . ." 20 C.F.R. § 416.927(c)(2). However, even the opinion of a treating physician warrants "significantly less weight" if it "is not supported by clinical evidence or if it is inconsistent with other substantial evidence." *Craig*, 76 F.3d at 590; *see also* 20 C.F.R. § 404.1527(c)(4) (explaining that the more consistent an opinion is with the record as a whole, the more weight it deserves). On appeal, "[a]n ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged upon 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." *Christian v. Apfel*, No. 98-1673, 1998 U.S. App. LEXIS 32684, at *7–8 (4th Cir. Dec. 31, 1998) (internal citations omitted).

In the present case, Dr. Therese M. May completed a psychological examination of Plaintiff on September 16, 2009. (R & R at 5.)

> Dr. May concluded that Plaintiff was an immature young man with a history of developmental and behavior problems in need of structure and a vocational program. (R. at 392.) He could understand simple, repetitive tasks. (R. at 391.) Plaintiff had a moderate cognitive impairment, impaired impulse control, and attention and concentration issues. (R. at 392.) His ability to interact with supervisors, co-workers or the public appeared

---

[6] A treating physician, or a "treating source," is defined as a claimant's "own physician, psychologist, or other acceptable medical source who provides [him or her] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [him or her]." 20 C.F.R. § 404.1502. A "nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did have, an ongoing treatment relationship with [him or her]. The term includes an acceptable medical source who is a consultative examiner . . . ." *Id.*

7

erratic. (R. at 392.) Dr. May opined that Plaintiff had a GAF of 55.[7] (R. at 392.) Dr. May determined that Plaintiff would decompensate under the stressors of competitive work and would require a structured, supportive work environment. (R. at 392.)

(R & R at 14–15.) Plaintiff is correct in asserting that Dr. May does not qualify as a treating physician because she did not have an ongoing treatment relationship with Plaintiff, but rather was only a one-time consultative examiner. (Plaintiff's Objs. at 1–2); see 20 C.F.R. § 404.1502. Therefore, Dr. May's opinions were not entitled to automatic, total deference. See 20 C.F.R. § 404.1527(c)(2). However, in either case, the ALJ needed to consider the consistency of Dr. May's opinion with other evidence in the record in order to afford it proper weight. 20 C.F.R. §§ 416.927(c)(2) and 416.927(c)(4).

As the Magistrate Judge explained, the ALJ did accept Dr. May's findings that were consistent with the RFC for unskilled work with limited social interaction. (R & R at 13.) However, the ALJ and the Magistrate Judge properly afforded less weight to the portions of Dr. May's opinions that were inconsistent with Plaintiff's daily activities, testimony, and treatment history. (R & R at 15.) Rather, the ALJ afforded significant weight to Dr. Sampson's opinion because her report was generally consistent with the record.[8] (R & R at 13.)

---

[7] A GAF of 55 falls within a range of "moderate symptoms," characterized by "flat affect and circumstantial speech or occasional panic attacks" or "moderate difficulty in social, occupational, or school functioning," characterized by having "few friends" or experiencing "conflicts with peers or co-workers." DSM-IV-TR 34 (American Psychiatric Association 2000).

[8] Dr. Nicole Sampson, a non-treating State Agency Physician, completed a review of Plaintiff's medical records on October 5, 2009. (R & R at 6.) Dr. Sampson opined that Plaintiff maintained moderate limitations in various abilities. (See R & R at 6). However,
> Plaintiff was not significantly limited in his ability to (1) remember locations and work-like procedures, (2) understand and remember very short, simple instructions, (3) carry out very short and simple instructions, (4) perform activities

8

Additionally, in rendering his judgment, the Magistrate Judge, pursuant to 42 U.S.C. § 405(g), may consider the "pleadings and transcript of the record." Thus, contrary to what Plaintiff contends, the statute gives the Magistrate Judge the authority to consider evidence not specifically raised by the ALJ, i.e., Plaintiff's testimony and treatment history. Therefore, the R & R properly concluded that substantial evidence supports the ALJ's consideration of Dr. May's medical opinion. (R & R at 15.)

### B. The ALJ correctly determined the standard of deference and Plaintiff's credibility.

First, the R & R appropriately gave great deference to the ALJ's credibility determinations. (R & R at 18.) Although Plaintiff is correct that Social Security disability hearings are nonadversarial proceedings (Plaintiff's Objs. at 9–10), the Fourth Circuit and this Court have repeatedly held that the credibility determinations of an ALJ should be given "great weight" because the ALJ "had the opportunity to observe the demeanor and determine the credibility of the claimant." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citing *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976)); *see also Gullace v. Astrue*, No. 1:11CV0755, 2012 U.S. Dist. LEXIS 28171, at *81 (E.D.

---

within a schedule, maintain regular attendance and be punctual within customary tolerances, (5) make work-related decisions, (6) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, (7) ask simple questions or request assistance, (8) maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, (9) respond appropriately to changes in the work setting, (10) be aware of normal hazards and take appropriate precautions, and (11) travel in unfamiliar places or use public transportation. (R. at 396.) Dr. Sampson concluded that Plaintiff was able to meet the demands of simple, routine work with limited social interaction. (R. at 398.)

(R & R at 19–20.)

Va. Feb. 13, 2012); *Trimmer v. Astrue*, No. 3:10CV639, 2011 U.S. Dist. LEXIS 115166, at *22–23 (E.D. Va. Sept. 7, 2011); *Parker v. Astrue*, No. 3:10CV558, 2011 U.S. Dist. LEXIS 91051, at *15 (E.D. Va. July 28, 2011). Therefore, an ALJ's credibility determinations must be accepted absent "exceptional circumstances," which include "cases where 'a determination is unreasonable, contradicts other findings of fact, or is 'based on an inadequate reason or no reason at all.'" *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (citations omitted).

Secondly, in evaluating the credibility of the plaintiff's own testimony, the ALJ must follow a two-step process. *See Fisher v. Barnhart*, 181 F. App'x 359, 363 (4th Cir. 2006); SSR 96-7p; 20 C.F.R. §§ 404.1529(a) and 416.929(a). First, the ALJ must determine whether medically determinable mental or physical impairments could produce the alleged symptoms. SSR 96-7p; 20 C.F.R. § 416.929(b)–(c). Second, the ALJ must evaluate "the intensity, persistence and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." SSR 96-7p; 20 C.F.R. § 416.929(c)(1). When the individual's complaints regarding the limiting effects of his disability do not correlate with objective medical evidence, the ALJ must make a finding on the individual's credibility based on the entire case record. SSR 96-7p. The ALJ must give "specific reasons for the weight given to the individual's statements." SSR 96-7p.

The ALJ correctly followed this two-step analysis, and after determining that the Plaintiff's testimony regarding the alleged severity of his condition was not substantiated by the objective findings as well as Plaintiff's daily activities, the ALJ subsequently made

10

a finding on Plaintiff's credibility. (*See* R & R at 18–19.) As indicated by the Magistrate Judge, the ALJ provided a detailed analysis of the record to support his determination regarding inconsistencies in Plaintiff's alleged severity of his condition and his daily activities, objective findings and testimony. (R & R at 19.) Additionally, substantial evidence, including Plaintiff's lack of medical and treatment history, as well as Dr. May's and Dr. Sampson's opinions, supported the ALJ's determination of Plaintiff's credibility. (R & R at 19.) Therefore, the ALJ's credibility determination was supported by the substantial evidence in the record.

### C. The ALJ fulfilled its duty to develop the record.

The ALJ has an obligation to develop the record by exploring all relevant facts and inquiring into issues necessary for adequate development of the record. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ "cannot rely on the evidence submitted by the claimant when that evidence is inadequate." *Id.* (citations omitted). To develop the record, the ALJ can question witnesses, request evidence, and subpoena witnesses. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003) (citing 20 C.F.R. §§ 404.944 and 404.950(d)). Additionally, the ALJ can "purchase a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the individual's] claim." 20 C.F.R. § 416.919a(b). However, although the ALJ has the duty to develop the record, he is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830–31 (8th Cir. 1994) ("[T]he ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.").

11

In the present case, the ALJ ordered a consultative examination from Dr. May in September 2009. (*See* R & R at 5, 21.) Plaintiff argues that the ALJ needed to order another examination at the time of the hearing to fulfill its duty to "develop a reasonably complete record." (Plaintiff's Objs. at 12). However, no duty exists to order a second consultative examination when the ALJ has sufficient information to support his decision. *See* 20 C.F.R. § 416.919a(b). The ALJ in the present case not only had Dr. May's medical opinion, but also had Dr. Sampson's medical opinion as well as Plaintiff's daily activities. (R & R at 21–22.) Thus, the ALJ fulfilled his duty to develop the record as he had ample evidence to determine that Plaintiff was not disabled.

## IV. CONCLUSION

Based on the foregoing analysis, this Court will overrule Plaintiff's objections and will adopt the R & R. In accordance with the R & R, the Court hereby DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 10, 2013
Richmond, VA